**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBRAHIM KALLON, | : |
| Petitioner, | : Civil Action No. 14-651 (JLL) |
| v. | : OPINION |
| ERIC H. HOLDER, et al., | : |
| Respondents. | : |

**LINARES**, District Judge

Petitioner Ibrahim Kallon ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Correctional Facility in Kearny, New Jersey, pending his removal from the United States. On or about January 15, 2014, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenged his detention. (ECF No. 1.) For the reasons stated below, this Court will deny the Petition.

**I. BACKGROUND**

Petitioner is a native and citizen of Sierra Leone who was admitted to the United States as a refugee on April 19, 2000. (Resp't's Answer, Ex. 1A, Notice to Appear; Pet. ¶ 8.) He became a lawful permanent resident on April 19, 2006. (Resp't's Answer, Ex. 1A, Notice to Appear.) On August 4, 2008, Petitioner was convicted of Possession of CDS in the New Jersey Superior Court. (*Id.*) On June 5, 2013, Petitioner was taken into ICE custody and ordered removed by an immigration judge on July 15, 2013. (*Id.* at Ex. 1B, Order of Removal; Pet. ¶ 4.) Petitioner waived his right to appeal. (*Id.*) On January 15, 2014, Petitioner filed the instant habeas

petition. (ECF No. 1.) Petitioner claims that his post-removal immigration detention violates 8 U.S.C. § 1231(a)(6) and *Zadvydas* because he has been detained for more than six months and his removal from the United States is not likely to occur in the reasonably foreseeable future. (Pet. ¶¶ 20-29.) Petitioner states that he has "cooperated fully with all efforts by ICE to remove him from the United States." (Pet. ¶ 12.) Petitioner further alleges that his birth country, Sierra Leone, has a "special Treaty with the United States on the procurement of travel document that must be initiated by ICE, with or without the petitioner's consent or contribution to the process of obtaining Petitioner's travel document." (Pet. ¶ 13.) As a result, Petitioner alleges that "there is no 'realistic chance' that Sierra Leone would accept the Petitioner or provide the necessary documents in the foreseeable future." (*Id.*) Petitioner also claims that his substantive due process rights have been violated for the same reasons. (*Id.* at ¶¶ 30-31.) Finally, Petitioner argues that his procedural due process rights have been violated because the Respondents have failed to provide a neutral decision maker to review his continued custody. (*Id.* at ¶¶ 32-33.) Petitioner requests that this Court grant his habeas petition and order his immediate release from custody.

In the Answer, Respondent argues that a travel document was actually secured and Petitioner was scheduled for removal to Sierra Leone on April 29, 2014. (Resp't's Answer, Ex. 1C, Emergency Travel Certificate; Ex. 1D, Memorandum of Deportation Officer.) According to the Deportation Officer's memorandum, Petitioner was brought to Newark Airport to be placed on his flight to Sierra Leone, however, he became unruly and the officers were unable to effectuate his removal. (*Id.* at Ex. D.) Thereafter, ICE against obtained another travel document for Petitioner and attempted to remove him to Sierra Leone on June 22, 2014. (Resp't's Supp. Answer, Exs. 1-3, Memoranda of ICE Officers.) On that occasion, Respondent states that Petitioner again

physically and verbally resisted efforts to place him on the plane for removal to Sierra Leone, and the captain of the flight refused to allow the Petitioner to board. (*Id.*)

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973), and because Petitioner asserts that his detention is not statutorily authorized by 8 U.S.C. § 1231. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

"Detention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510 (2003). The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States ..."). Once an alien's order of removal is final, the Attorney General is required to remove him or her

3

from the United States within a 90-day "removal period." *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final...[u]pon waiver of appeal by the respondent...." 8 C.F.R. § 1241.1(b).

Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's

post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Specifically, the Supreme Court determined:

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

In this case, Petitioner's order of removal became final on July 15, 2013. *See* 8 C.F.R. § 1241.1(b). Exactly six months after his order became final, Petitioner filed the instant petition. However, the *Zadvydas* Court emphasized that "[t]his 6–month presumption [ ] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under § 2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable.

Additionally, "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). "*Zadvydas* does not save an alien who fails to provide requested documentation to

5

effectuate his removal. The reason is self-evident: the detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock." *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003); *Xiangquan v. Holder*, No. 12–7650, 2013 WL 1750145, at *3 (D.N.J. Apr. 23, 2013) ("[A]n alien who, during his/her presumptive *Zadvydas* based period, takes actions delaying his/her removal (e.g. by refusing to cooperate with the ICE's removal efforts), cannot demand his/her release upon expiration of these six months.... Rather, the period affected by the alien's obstructive actions is excluded from the presumptive period articulated in *Zadvydas*, thus causing a quasi-tolling mimicking, in its operation[.]") (internal citations omitted). Accordingly, Courts have found that a petitioner who fails to cooperate with his removal fails to establish that there is no likelihood of removal in the reasonably foreseeable future under *Zadvydas*. *See Conceicao v. Holder*, No. 12–4668, 2013 WL 1121373, at *3 (D.N.J. Mar.13, 2013) ("[W]here Petitioner is refusing to sign the necessary travel documents, he has failed to cooperate in his removal and has failed, in this Court, to establish that there is no likelihood of his removal in the reasonably foreseeable future."); *Diaz–Martin v. Holder*, No. 11–6692, 2012 WL 4661479, at *4–5 (D.N.J. Oct. 2, 2012) (finding that where petitioner failed to cooperate in his removal, he failed to establish that there is no likelihood of his removal in the reasonably foreseeable future); *Camara v. Gonzales*, No. 06–1568, 2007 WL 4322949, at *4 (D.N.J. Dec. 6, 2007) (finding that petitioner failed to state a constitutional claim under *Zadvydas* due to his failure to cooperate with INS to obtain the necessary travel documentation).

In this case, it is clear Petitioner has failed to cooperate with removal proceedings. On two separate occasions, Sierra Leone has issued travel documents and on two separate occasions, Petitioner has refused to board the plane. Respondent has submitted copies of the travel

documents as well as first-hand accounts from the ICE officers who attempted to place Petitioner on the planes. Because he has failed to cooperate with removal proceedings, Petitioner has failed to show that he is entitled to habeas relief under *Zadvydas*. He cannot show that there is no likelihood of his removal in the reasonably foreseeable future because it is he himself who stands in the way. *Accord Conceicao*, 2013 WL 1121373, at *3; *Diaz–Martin*, 2012 WL 4661479, at *4–5; *Camara*, 2007 WL 4322949, at *4. This claim is therefore denied.

Petitioner also alleges that his procedural due process rights have been violated. He states that he was not given a meaningful opportunity to demonstrate why he should not be detained. However, "this claim lacks legal merit because, under the rationale of *Zadvydas*, an alien is not entitled to a hearing unless he has been detained beyond the presumptively reasonable six month period and he alleges facts showing that there is no significant likelihood of removal in the reasonably foreseeable future." *Hlimi v. Holder*, Nos. 13–3210, 13–3691, 2013 WL 4500324, at *4 (D.N.J. Aug. 20, 2013) (citing *Zadvydas*, 533 U.S. at 701; *Wilson v. Hendricks*, No. 12–7315, 2013 WL 324743, at *2 (D.N.J. Jan. 25, 2013)); *see also Skeete v. Holder*, No. 13–1751, 2013 WL 3930085, at *3 (D.N.J. July 30, 2013) (finding that petitioner is entitled to a hearing only where he has been detained beyond the presumptively reasonable six month period and he alleges facts that there is no significant likelihood of removal in the reasonably foreseeable future); *Davies v. Hendricks*, No. 13–2806, 2013 WL 2481256, at *5 (same).

This denial is without prejudice to the filing of a new § 2241 petition (in a new case), in the event that Petitioner can allege facts, at the time of filing, showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

## III. CONCLUSION

For the reasons set forth above, the petition will be denied without prejudice. An appropriate order follows.

Dated: 10/20/14

Jose L. Linares, U.S.D.J.